UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

TERESA FLORES,

                    Plaintiff,

-v-

CHIPOTLE MEXICAN GRILL, INC., *et al.*,

                    Defendants.

23-CV-2259 (JPO)

OPINION AND ORDER

―――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

In this case, Plaintiff Teresa Flores asserts claims for negligence against Defendants Chipotle Mexican Grill, Inc. and Chipotle Mexican Grill of Colorado, LLC (collectively, "CMG") following a slip and fall at one of CMG's restaurants. Before the Court is CMG's motion for summary judgment. For the reasons that follow, the motion is denied.

**I.    Background**

    **A.    Factual Background**

The following facts are drawn from CMG's statement of material facts and Flores's responses. (*See* ECF Nos. 21-1 ("Def. SOMF") and 30-1 ("Pl. SOMF").) A non-movant's factual allegations, if supported by sufficient evidence in the record to persuade a jury, are presumed true in resolving a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

On June 30, 2021, Flores visited a restaurant owned and operated by CMG. (Def. SOMF ¶¶ 1-2.) The restaurant "included an area where customers placed their food orders, an area for customers to pick-up orders placed online and a dining room area." (*Id.* ¶ 5.) CMG employees were trained to perform cleaning duties and were assigned to clean particular areas of the

restaurant and did so upon instructions from CMG managers who circulated around the restaurant. (*See id.* ¶ 6.) They used Purell sanitizer spray to clean the restaurant. (*Id.* ¶ 7.)

Flores entered the restaurant at around 5:00 p.m., when she "smelled cleaning products like Pine-Sol or Lysol" and "noticed a young male employee with a towel and bucket cleaning." (*Id.* ¶ 8; Pl. SOMF ¶ 7.) She "proceeded to the register in front of her and placed her food order" before walking "to find somewhere to sit and eat 'on the right side' of the restaurant." (Def. SOMF ¶¶ 11-12.) She noticed "five or six" stools in the restaurant and chose the "last one"— farthest from the register—to sit. (*Id.* ¶ 13.) The stool seat was "round in shape and consisting of brown leather." (*Id.*) When she went to sit down, she did not look at the stool seat or observe anything dangerous. (*Id.* ¶ 14.) After or during sitting down, Flores's left hand slipped on the slippery surface of the stool, causing her to fall and injure her right arm. (Pl. SOMF ¶¶ 14-15.) When she used her left hand to grab the stool to attempt to stand up, she felt that the seat of the stool was slippery. (Def. SOMF ¶ 18.) Flores does not know or allege what specifically caused the stool to be slippery or how long the condition existed, but she did notice that the substance on the stool was colorless and "shiny," but not "sticky." (*See id.* ¶¶ 19-22, 24.)

**B.   Procedural Background**

Flores sued CMG in Bronx County Supreme Court on August 25, 2022. (*See* ECF No. 1-1 ("Compl.").) CMG answered on January 25, 2023 and filed a notice of removal to this Court on March 16, 2023. (ECF Nos. 1, 1-2.) CMG then filed a motion for summary judgment on July 15, 2024 (ECF No. 21) along with a statement of material facts (Def. SOMF), memorandum of law in support of its motion (ECF No. 21-2 ("Mem.")), and other exhibits (ECF Nos. 21-3-12). Flores filed a memorandum of law in opposition to the motion on September 17, 2024 (ECF No. 30 ("Opp.")), as well as her own statement of facts in response to CMG's filing (Pl. SOMF). CMG replied in further support of its motion on October 8, 2024. (ECF No. 31 ("Reply").)

## II.     Legal Standard

A court must grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Summary judgment is appropriate only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In making this determination, a court "must resolve all ambiguities and draw all inferences in favor [of] the nonmoving party." *Eisenhauer v. Culinary Inst. of Am.*, 84 F.4th 507, 515 (2d Cir. 2023). In moving for summary judgment, "[t]he moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). If the moving party satisfies its initial burden, "the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact." *Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006). But the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; rather, it "must come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87 (quotation marks omitted). Further, "[t]he mere existence of a scintilla of evidence in support of the non-movant's position will be insufficient; there must be evidence on which the jury could reasonably find for the non-movant." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (cleaned up) (quoting *Anderson*, 477 U.S. at 252).

**III.    Discussion**

Flores asserts one claim for negligence against each entity constituting CMG.* "Under New York law, a tort plaintiff seeking to prove a defendant's negligence must show: '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021) (quoting *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981)). "It is undisputed that [CMG] has a duty to maintain safe premises and that [Flores's] injuries were the proximate result of her slipping." *Cf. Breitenbucher v. Wal-Mart Stores, Inc.*, No. 17-CV-6633, 2020 WL 2523046, at *4 (E.D.N.Y. May 18, 2020). Thus, "[t]he only question before the Court with respect to the negligence claim is whether a triable issue of fact exists concerning [CMG's] alleged breach of its duty of care." *Id.* "To succeed on a slip-and-fall negligence claim under New York law, a plaintiff must demonstrate the existence of a dangerous or defective condition and must show either that the defendant 'created a dangerous condition' or that the defendant 'had actual or constructive knowledge of the condition.'" *Taylor v. Manheim Remarketing, Inc.*, 752 F. App'x 94, 95 (2d Cir. 2019) (summary order) (quoting *Lemonda v. Sutton*, 702 N.Y.S.2d 275, 275 (1st Dep't 2000)).

First, Flores has adduced sufficient evidence to create a triable issue as to whether a dangerous condition existed in the restaurant. In her deposition, Flores recounted that "the chair was slippery" (ECF No. 21-7 ("Pl. Dep. Day 1") at 73:23), that it "was like a mirror, very slippery" (*id.* at 74:12), that after the fall, "I told the employees that the chair has something

---

* In the original state court complaint, the second cause of action purports to assert a claim against "Wakefern." In a joint letter to the Court, the parties confirmed that the reference to "Wakefern" was a typographical error, and that the second cause of action, for negligence, is asserted against Chipotle Mexican Grill of Colorado, LLC. (*See* ECF No. 33.)

4

shiny" (*id.* at 83:9-83:10), and then "[w]hen I was trying to stand up on my own, and every time I tried to grab [the stool] . . . I realized that it was something shiny on top of that stool" (*id.* at 87:19-87:23). After being asked "[w]hat about the stool after you fell led you to believe that it was slippery," Flores confirmed that "I touched it with my hand, it was very slippery." (*Id.* at 89:15-89:18.) She clarified on the next day of her deposition, "the part where you sit was all shiny and slippery." (ECF No. 21-8 ("Pl. Dep. Day 2") at 10:20-10:21.) Flores also explained that the "substance" on the stool was colorless, slippery, and not sticky. (*Id.* at 13:13-13:23.) Flores's descriptions are adequate to raise a genuine issue as to the presence of a dangerous condition.

Second, Flores must also "offer evidence that creates a material issue of fact as to whether [CMG] 'created' a 'dangerous condition' or 'had actual or constructive notice of the condition that caused her fall.'" *Cf. Kirbaran v. Target Corp.*, 720 F. Supp. 3d 267, 274 (S.D.N.Y. 2024) (quoting *Thomason v. Target Corp.*, No. 20-CV-8982, 2022 WL 1137165, at *4 (S.D.N.Y. Apr. 18, 2022)). "In order to demonstrate that the defendant created the dangerous condition, [Flores] must offer evidence of some affirmative act on the part of the defendant that is both deliberate and intentional." *Cf. id.* (quotation marks and citations omitted). Defendants' mere failure to remedy an existing defect is insufficient. *See Lunja v. Regal Cinema at Atlas Park*, No. 19-CV-5628, 2022 WL 1038034, at *3 (E.D.N.Y. Feb. 9, 2022) (citing *Breitenbucher*, 2020 WL 2523046, at *4). Instead, "[f]inding that a defendant created that condition requires 'some affirmative act' on the part of the defendant." *Feder v. Target Stores*, 15 F. Supp. 3d 253, 256 (E.D.N.Y. 2014) (quoting *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004)).

Flores has adduced sufficient evidence, coupled with inferences that must be drawn in her favor at this stage, to create a triable issue as to whether CMG created the dangerous condition that caused her fall. First, she testified that, upon entering the restaurant, "she smelled cleaning products like Pine-Sol or Lysol." (Pl. SOMF ¶ 9.) Second, she "noticed a young male employee with a towel and a bucket cleaning upon entering the restaurant." (*Id.*) Third, she "believes the fall was due to a slippery or shiny substance on the stool." (*Id.*) Finally, "[t]he restaurant was cleaned by CMG employees on an as-needed basis." (Def. SOMF ¶ 6.) That Flores smelled cleaning products, observed a CMG employee with cleaning supplies which they use as part of their ordinary duties, and slipped on a clear liquid on a stool, generates the plausible inference that a CMG employee left cleaning solution on the stool, rendering it slippery and dangerous.

CMG's arguments to the contrary are unavailing. First, CMG argues that "Plaintiff has failed to introduce any circumstantial evidence that would create . . . an inference" "that a defendant created the condition through affirmative acts." (Mem. at 11.) That is incorrect, as Flores points to circumstantial evidence raising the triable inference that an employee left slippery cleaning solution on the stool. Next, CMG argues that Flores's proffered inferences are implausible because "she does not know what the alleged condition on the stool was or how it came to be present there." (*Id.*) But again, Flores raises the inference that the condition was slippery cleaning solution left by an employee. CMG also argues that "Plaintiff does not know how long the alleged condition existed on the stool" (*id.*), which though relevant to CMG's notice, is irrelevant to whether CMG created the condition in the first place. *See Gayman v. Pathmark Stores, Inc.*, No. 04-CV-7882, 2005 WL 1540812, at *3 (S.D.N.Y. June 30, 2005). And though CMG points out that "Plaintiff herself testified that at no time while she was present at the CMG restaurant on the date of the incident did she observe any type of cleaning products"

(Mem. at 11-12), that does not render implausible the inference that such products were being used, in light of the employee holding a towel and a bucket as well as the smell of cleaning products. In sum, because "circumstantial evidence is considered on a motion for summary judgment," and Flores's arguments are more than "mere speculation and conjecture," *see Nussbaum v. Metro-North Commuter R.R.*, 994 F. Supp. 2d 483, 488 (S.D.N.Y. 2014) (cleaned up), the Court concludes there are genuine disputes of material fact regarding the existence of a dangerous condition and whether CMG created it.

Finally, CMG argues that Flores's account of her fall is contradictory, since Flores has at times in this litigation explained the fall as occurring after she sat down on the stool and, at other times, said it occurred in the process of sitting. (Mem. at 18.) Though potentially contradictory—and not necessarily so, as Flores explains the truth is "a combination of the two" descriptions (*see id.* (quoting Def. SOMF ¶ 17))—CMG does not explain why that discrepancy eliminates any genuine dispute of material fact as to an essential element of Flores's claim. Even if the difference in explanations "erodes her general credibility" (*id.*), that is a determination for the jury, not the Court. *Rupp v. Buffalo*, 91 F.4th 623, 636 (2d Cir. 2024) ("When the issue is whether a party is entitled to summary judgment, determinations of credibility, choices between permissible inferences, and the weighing of the evidence are beyond the authority of the court."). Similarly, CMG's argument that Flores "has produced no evidence . . . to support her theory that the height of the stool was in any way defective or caused her to fall" (Mem. at 18), is unavailing, as Flores has adduced sufficient evidence to support her theory that the stool had a slippery substance left on it by a CMG employee.

As CMG does not argue that Flores has failed to muster evidence as to any remaining element of her negligence claim, the motion for summary judgment is denied.

**IV.    Conclusion**

For the foregoing reasons, CMG's motion for summary judgment is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 21.

The parties are directed to confer and file a joint status letter on or before February 17, 2025, addressing (1) proposed jury trial dates from May 2025 through September 2025, with estimated length of trial, and (2) whether the parties wish to be referred to the Court's mediation program or the designated magistrate judge for a settlement conference.

SO ORDERED.

Dated: February 3, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge